# STATE OF MICHIGAN

# COURT OF APPEALS

In re ILAYAN, Minors.

UNPUBLISHED
February 15, 2018

No. 339413
Wayne Circuit Court
Family Division
LC No. 15-519777-NA

In re ILAYAN, Minors.

No. 339414
Wayne Circuit Court
Family Division
LC No. 15-519777-NA

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this consolidated appeal,[1] respondent-mother and respondent-father appeal as of right the order terminating their parental rights to their minor children pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist, (g) (parent fails to provide proper care or custody), and (j) (reasonable likelihood of harm if child is returned to parent's home). In Docket No. 339413, respondent-mother challenges the statutory grounds for termination of her parental rights, as well as the trial court's determination that termination was in the best interests of the minor children. In Docket No. 339414, respondent-father challenges only the trial court's determination that termination was in the best interests of the minor children. In both cases, we affirm.

## I. FACTUAL BACKGROUND

The record below is replete with evidence that respondent-mother and respondent-father struggled with substance abuse issues. In April 2015, police found respondent-mother unresponsive in a car driven by respondent-father. Respondent-mother was taken via ambulance

---

[1] *In re Ilayan Minors*, unpublished order of the Court of Appeals, entered August 9, 2017 (Docket Nos. 339413; 339414).

-1-

for medical treatment, and police arrested respondent-father for driving on a suspended license. In May 2015, respondent-mother was charged with driving under the influence of a controlled substance after she hit a parked car while two of the minor children were in the car. Respondent-mother was arrested for operating a motor vehicle under the influence of narcotics and for driving on a suspended license. Respondent-father was also present at the scene and arrested.

The trial court took jurisdiction over the minor children in June 2015 and respondents entered into a treatment plan that focused on addressing their substance addiction. However, respondents were non-compliant with that treatment plan. Respondent-mother missed 41 out of 76 required drug screenings, and respondent-father missed 51 out of 76 required drug screenings. When respondents did submit to drug screenings, they frequently tested positive for prescription medications or Suboxone, for which they could not always provide prescriptions. There also was some evidence presented that respondent-mother had once tested positive for cocaine. Additionally, respondent-mother failed to obtain legal source of income, and respondent-father failed to provide proof of his employment or housing.

In January 2017, the Department of Health and Human Services (the DHHS) filed a petition for permanent custody of the minor children. The DHHS filed a supplemental petition for permanent custody of the minor children in May 2017, following an incident where respondents, in violation of the trial court's orders, took the minor children from the maternal grandmother without supervision. Respondents proceeded to leave the minor children unattended in a parked car in the Motor City Casino parking lot late at night in frigid temperatures.

On May 24, 2017, respondents stipulated to the existence of statutory grounds to terminate their parental rights under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist, MCL 712A.19b(3)(g) (parent fails to provide proper care or custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if child is returned to parent's home), and the matter proceeded to a best interests hearing on July 12, 2017. Following the best interests hearing, the trial court terminated respondent-mother and respondent-father's parental rights. This appeal followed.

## II. DOCKET NO. 339413

In Docket No. 339413, respondent-mother argues statutory grounds did not exist to terminate her parental rights to the minor children, and further, it was not in the children's best interests to terminate her parental rights. We disagree.

### A. STATUTORY GROUNDS

We first address respondent-mother's statutory grounds argument. Only one statutory ground must be established by clear and convincing evidence for the trial court to terminate a respondent's parental rights to her minor child. MCL 712A.19b(3) and (5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interest." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we

-2-

are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 871 NW2d 105 (2009). We give regard to trial courts when applying the clear error standard in parental termination cases because of the trial court's "special opportunity . . . to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

Respondent-mother challenges the existence of statutory grounds to terminate her parental rights, however she concedes in her brief on appeal there was at least one statutory ground to terminate her parental rights. Further, respondent-mother stipulated to the existence of statutory grounds at the permanent custody hearing on May 24, 2017. Therefore, to the extent that respondent-mother challenges statutory grounds for termination of her parental rights, that argument is waived. See *Moss*, 301 Mich App at 90 (only one statutory ground is required for termination), and *Hudson*, 294 Mich App at 264 ("Respondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute.") Because respondent-mother has waived this argument, we decline to address it.

## B. BEST INTERESTS

We next address respondent-mother's argument that it was not in the best interests of the minor children to terminate her parental rights, although we are unpersuaded.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012) (citation omitted). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence.*" Moss*, 301 Mich App at 90. The trial court should weigh all the available evidence when determining whether termination is in the child's best interest. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). Relevant factors to this determination include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality," *Olive/Metts*, 297 Mich App at 41-42 (citations omitted), as well as "the parent's compliance with his or her [treatment] plan, the parent's visitation history with the child, [and] the child's well-being while in care." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). This Court reviews a trial court's finding that termination is in the child's best interests for clear error. *HRC*, 286 Mich App at 459.

We conclude termination of parental rights was in the minor children's best interests where respondent-mother failed to complete her treatment plan and consistently demonstrated poor decision making ability with respect to her minor children. Respondent-mother has not demonstrated she can remain drug free for any length of time, and failed to submit to over half of her court ordered drug screens. Further, respondent-mother's substance abuse issue has resulted in poor judgment and has compromised the safety and well-being of her minor children. Specifically, respondent-mother has been involved in multiple incidents involving motor vehicles with her minor children. These incidents, where respondent mother was unresponsive, and where respondent mother hit a parked car, were directly attributable to respondent-mother's substance abuse. Further, after the petition for permanent custody of the minor children was filed, respondent-mother violated the trial court's orders by taking the minor children without

supervision and leaving them unattended in a parked car in the parking garage of Motor City Casino for an extended period. Detroit police officers found the minor children to be inadequately dressed for the cold temperatures and shivering. Additionally, respondent-mother also failed to obtain a legal source of income.

Although respondent-mother clearly had a strong bond with the minor children, the minor children's need for permanency, stability, and finality must be paramount. See *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016), where this Court articulated that the trial court's focus should be on the child rather than the parent. The preponderance of the evidence showed that it was in the minor children's best interest to terminate respondent-mother's parental rights given respondent-mother's continued substance abuse issues, poor judgment, and failure to comply with her treatment plan. Accordingly, the trial court did not err in terminating respondent-mother's parental rights.

Respondent-mother argues that the trial court failed to consider guardianship for the children in this case, and that MCL 712A.19a(6)(a) governs this issue. This claim is without merit. First, the MCL 712A.19a only governs permanency planning hearings occurring prior to termination of a respondent's parental rights. This statute is inapplicable where termination proceedings had been initiated, and respondent-mother had, in fact, stipulated to the existence of statutory grounds to terminate her parental rights. Second, the trial court addressed the prospect of guardianship on multiple occasions while the minor children were living with their maternal grandmother, specifically directing the DHHS to discuss guardianship with the maternal grandmother. Following the Motor City Casino incident, the minor children were placed with their paternal grandparents, where they were thriving. The paternal grandparents also expressed a strong interest in adoption. Accordingly, the trial court did consider, and approved, placement with the minor children's relatives. We find no error in the trial court's best interests determination.

### III. DOCKET NO. 339414

In Docket No. 339414, respondent-father challenges only the trial court's best interests determination. Specifically, respondent-father argues that it was not in the minor children's best interests to terminate his parental rights. We disagree.

Respondent-father argues he would be able to care for the minor children in the near future, yet there is nothing in the record to support his claim. Over the course of two years, respondent-father failed to benefit from or to complete his treatment plan. He missed almost all of his court-ordered drug screens and continued to struggle with substance abuse issues. Respondent-father was also a part of the Motor City Casino incident, which demonstrates a severe lack of judgment with respect to parenting. Additionally, respondent-father refused to provide verification that he had obtained suitable housing and legal employment. Respondent-father testified that he had a strong bond with the minor children, which is undisputable, however, in light of the foregoing, the trial court did not err by finding that it was in the best interests of the minor children to terminate respondent-father's parental rights.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro